**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**

NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL: (410) 962-3962
FAX: (410) 962-3976
TOLL FREE: (855) 213-8450
EMAIL: Katherine_Newberger@fd.org

JAMES WYDA
FEDERAL PUBLIC DEFENDER

KATHERINE TANG NEWBERGER
FIRST ASSISTANT FEDERAL PUBLIC DEFENDER

July 11, 2025

Hon. James K. Bredar
U.S. District Court
101 W. Lombard Street
Baltimore, MD 21201

      Re:    United States v. Jose Tapia
               Criminal Case No. JKB-15-0357 (VOSR)

Dear Judge Bredar:

      I write to provide a status report in the above-referenced case.  In short, the Defense intends to file a motion to dismiss Petition #1 dated December 20, 2024.  The Government intends to oppose the motion to dismiss.

### Factual and Procedural Background

      On September 19, 2015, Judge Blake sentenced Mr. Tapia to a total term of 60 months incarceration followed by a 5-year term of supervised release for bank fraud and aggravated identity theft.  ECF No. 48.  At the time of his federal offense, Mr. Tapia was on state probation. *See* PSR ¶ 51 ("The defendant committed the instant offense while under a criminal justice sentence for Conspiracy CDS Distribution and Theft Scheme $10,000 to $100,000, therefore, two points are added."). In the theft case, Circuit Court for Baltimore City Case No. 812034026, Mr. Tapia was found guilty of violating his probation on June 14, 2016, and received a sentence of 1 year.  *See* **Exhibit 1** (docket for Case No. 812034026).  A violation of probation warrant issued January 18, 2018, in Circuit Court for Baltimore City Case No. 111252015, with bail pre-set. *See* **Exhibit 2** (docket entries for Case No. 111252015).  Despite the warrant, the Bureau of Prisons released Mr. Tapia on December 30, 2019, and his 5-year period of supervised release commenced.

      A year later, in December 2020, Mr. Tapia was arrested on the violation warrant in Circuit Court Case No. 11125015 and released from commitment.  *See* **Exhibit 3** (release order).  His probation officer rightfully did not report this arrest to the Court, as it was for a violation of probation warrant from ***before*** the term of supervised release began.  *See* Violation Memo at 2.  Mr. Tapia missed a zoom hearing in that case on June 1, 2021, and a bench warrant issued.  *See* **Exhibit 4** (docket entries for Case No. 11125015).

      Then on August 24, 2021, Mr. Tapia was arrested in Calvert County, Maryland, for simple possession of marijuana and oxycodone.  *See* Petition # 1.  On August 25, 2021, Mr. Tapia posted bond but was ultimately transferred to the Central Booking and Intake Facility ("CBIF") in Baltimore to address the bench warrant in Case No. 11125015. *See* **Exhibit 5** (bail

<u>United States v. Tapia</u>, JKB-15-0357 (VOSR)
Status Report
Page 2

bond). On October 4, 2021, he appeared for a violation hearing and received a sentence of 3 years to begin September 8, 2021, the day the bench warrant was served at CBIF. *See* **Exhibit 4**. Thus, as of September 8, 2021, Mr. Tapia began serving a 3-year violation of probation sentence (where the violative conduct occurred before he began his supervised release term).

While serving his state violation of probation sentence, Mr. Tapia prayed a jury trial in the Calvert County Case, and ultimately pled nolo contendere to CDS possession—not marijuana on February 28, 2022, for which he received a suspended sentence of 11 months 27 days, with credit for 1 day time served and 18 months of unsupervised probation. *See* Violation Memo at 1. On November 23, 2021, the Probation Office filed a Report on Offender Under Supervision about the Calvert County arrest. ECF No. 65. In a Pending Charges Update, ECF No. 66, the Probation officer informed the Court of the Calvert County conviction but stated, "No Court action is recommended at this time; however, given that Mr. Tapia was sentenced for a new offense while on supervised release, it is the position of the U.S. Probation Office that a sanction is appropriate, and a recommendation will be submitted to the Court following Mr. Tapia's release." ECF No. 66.

While serving his violation of probation sentence at the Roxbury Correctional Institution in Maryland, Mr. Tapia was charged in three cases in Washington County Circuit Court for conduct that occurred while he was serving his state violation of probation sentence. *See* Violation Memo and supporting documents. Upon his conviction in these three cases, U.S. Probation filed Petition # 1, listing the new convictions from Washington County as Violations 3, 4 and 5.

Mr. Tapia wrote to the Court pro se, asking the Court to dismiss the petition. The Court directed the government to respond, which Special Assistant United States Attorney Jared Murphy did on April 11, 2025. ECF No. 75. Mr. Murphy filed a supplemental pleading on May 30, 2025, noting that Mr. Tapia was contesting his guilty pleas in the Washington County cases, with a hearing scheduled for November 3, 2025. ECF No. 77.

Mr. Tapia reached out to the Office of the Federal Public Defender seeking appointment of counsel. Undersigned asked the Court to appoint counsel, which the Court did and then directed the parties to file a status report by July 11, 2025. *See* ECF No. 84.

## Legal Issue

Undersigned counsel asked to be appointed to represent Mr. Tapia because he is correct that the Court should dismiss allegations arising from the Washington County convictions because that conduct occurred while Mr. Tapia was serving a state sentence and, thus, when his supervised release was not running.

Clear statutory authority supports Mr. Tapia's position that his supervised release tolled while he was in state custody serving his violation of probation sentence. 18 U.S.C. § 3624(e) states in relevant part: "A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

Interpreting this passage, the Fourth Circuit stated that supervised release is tolled under 18 U.S.C. § 3624(e) during "*all* time periods, both before and after a conviction, for which an imprisonment is connected with that conviction." *United States v. Ide*, 624 F.3d 666, 669 (4th

<u>United States v. Tapia</u>, JKB-15-0357 (VOSR)
Status Report
Page 3

Cir. 2010) (emphasis in original). The Supreme Court agreed nine years later in *Mont v. United States*, 587 U.S. 514 (2019), that time in pretrial custody ultimately credited toward an eventual sentence tolled the supervised release term. In its reasoning, the Court stated "time in pretrial detention constitutes supervised release only if the charges against the defendant are dismissed or the defendant is acquitted." *Mont*, 587 U.S. at 524-25. The corollary must also be true: time in custody does ***not*** constitute supervised release if the defendant is convicted of an offense.

That is the case here. Mr. Tapia was at the Roxbury Correctional Institution in Washington County serving a state sentence when he incurred the charges that give rise to Allegations 3-5 in the Violation Petition. As such, his supervised release term was not running and the Court should dismiss Allegations 3-5 of Petition #1. What remains of Petition #1 is the simple possession of oxycodone for which he received an entirely suspended sentence and 18 months of unsupervised probation in Calvert County and for which his federal probation officer indicated she would just seek a sanction once he was released from state custody. Accordingly, the Defense will move to dismiss the entirety of Petition # 1, which is serving as a detainer and affecting Mr. Tapia's conditions of confinement in state custody.

Mr. Murphy has informed counsel that for now, the Government intends to oppose the forthcoming motion to dismiss.

                                                        Respectfully,

                                                        /s/

                                                      Katherine Tang Newberger
                                                      First Assistant Federal Public Defender


cc:      Jared Murphy, Special Assistant United States Attorney
            Christine Hayfron-Benjamin, Senior U.S. Probation Officer